**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:**<br><br>**MICHAEL FRIES,** | ) 1:17-mc-00064-SAB<br>)<br>) ORDER DENYING PLAINTIFF'S REQUEST FOR<br>) RELIEF FROM THE ELECTRONIC FILING<br>) SYSTEM<br>)<br>) [ECF No. 1]<br>)<br>)<br>) |

On August 24, 2017, the Court received a motion from the Plaintiff requesting access to the electronic case filing system Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff contends that his efforts to gain access to use of the electronic filing system to file his complaint have been denied. Plaintiff requests to be exempt from filing his complaint through use of the electronic filing system.

On September 26, 2017, the Court served a copy of Plaintiff's request on Supervising Deputy Attorney General Monica Anderson and directed a response be filed within fourteen days. The Court also directed Plaintiff to file a detailed brief as to how he was denied access to the e-filing system within twenty-one days. (ECF No. 2.)

Plaintiff filed his brief on October 26, 2017. Supervising Deputy Attorney General Monica Anderson, by way of special appearance, filed a response to the Court's order on October 4, 2017. The matter is now submitted to the Court for review and ruling.[1]

---

[1] Except for specifically identified motions not at issue here, a magistrate judge is permitted to hear and determine any pretrial matter that is not dispositive of a claim or defense pending before the court. 28 U.S.C. §

1

# I.

# DISCUSSION

In his brief, Plaintiff contends that on August 17, 2017, he attempted to file a civil rights complaint and motion to proceed in forma pauperis with the Court, along with a motion for relief from the e-filing procedures, via regular mail. On September 5, 2017, the complaint and motions were returned to Plaintiff with instructions to e-file the complaint pursuant to the court's standing order. On September 7, 2017, Plaintiff re-submitted his complaint and motions via regular mail, with a letter stating that he lacked access to the law library or e-filing procedures. These materials were again returned to Plaintiff. Plaintiff contends that he is regularly denied law library access at KVSP.

The Office of the Attorney General submitted the declaration of the Library Technical Assistant at KVSP, R. Tinsley, who declares that Mr. Fries visited the law library on C-Facility on February 8, 2017. (Decl. R. Tinsley, ECF No. 3-1, at ¶ 4.) On that date, Mr. Fries was provided a § 1983 complaint form and three proofs of service, but did not fill out the forms at the law library or ask for the forms to be e-filed. (Decl. R. Tinsley, ECF No. 3-1, at ¶ 4.) Mr. Fries again visited the law library on April 10, 2017, May 5, 2017, and May 25, 2017, but did not request a § 1983 e-filing packet. (Id. at ¶ 5.) Further, the law library for C-Facility received eight requests for law library access from Mr. Fries between April 10, 2017 and September 1, 2017, and ducets were ordered, but Mr. Fries did not show at the library for the scheduled visits. (Id. at ¶ 6.)

Plaintiff contends that he had medical appointments that prevented him from attending the law library when ducets were prepared for him for June 5, 2017 and for September 6, 2017. According to Plaintiff, he was transported to San Joaquin Community Hospital in Bakersfield for surgery from June 5, 2017 to June 9, 2017, and on September 6, 2017, he was taken to an ophthalmologist in Bakersfield.

Based on the declaration submitted by Library Technical Assistant R. Tinsley and the information submitted by Plaintiff, the Court finds that Plaintiff has had adequate access to the electronic filing system at the time he attempted to file his civil rights complaint in August and September 2017, but did not avail himself of the available services. Although he was occasionally

---

636(b)(1); Local Rule 302. As the issue addressed here is not dispositive of Plaintiff's action, but merely addresses the manner in which his case must be filed, the Court shall proceed by order.

prevented from attending the law library due to his medical appointments, prison officials did not generally prevent him from utilizing the e-filing system.

Accordingly, there is no basis for Court intervention and Mr. Fries must comply with the normal procedures to file his complaint through the electronic filing system pursuant to the Court's Standing Order. No case on the merits will be opened at this time.

## II.
## ORDER

Based on the foregoing, Plaintiff's request to be exempt from use of the electronic filing system to file his complaint is DENIED.

IT IS SO ORDERED.

Dated: **October 30, 2017**

UNITED STATES MAGISTRATE JUDGE